936 So.2d 956 (2006)
Lyn HERRON, Appellant
v.
Johnny HERRON, Appellee.
No. 2005-CA-00332-COA.
Court of Appeals of Mississippi.
May 2, 2006.
Rehearing Denied August 22, 2006.
*957 J. Tyson Graham, Columbus, attorney for appellant.
Curtis H. Austin, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Lyn and Johnny Herron divorced in February 2004 on the ground of irreconcilable differences. The parties submitted the division of marital assets to the Chancery Court of Lowndes County, but Lyn, aggrieved by the court's division of the assets, now appeals. Finding error, we reverse and remand in part and affirm in part.

FACTS
¶ 2. Lyn and Johnny Herron were married in 1996. No children were born of the marriage. Johnny filed for divorce in February 2004. The parties agreed to divorce on the ground of irreconcilable differences. The parties then submitted the division of marital assets to the Chancery Court of Lowndes County. The court found the following as marital assets: (1) real property in Alabama; (2) a 2000 Ford F-150 truck (in which the parties had $6,800 in equity); (3) all personal property acquired during the marriage, including the marital *958 home;[1] (4) Johnny's 401(k) account, from July 1996 until the parties separated in February 2004; and (5) $10,000 in savings which the court found that Lyn had withdrawn from the parties' savings account. The court ordered the Alabama land, the personal property acquired during the marriage and the marital home to be sold and the equity divided between the parties. The court further stated that Lyn was entitled to half of Johnny's 401(k) account from the period of July 1996 through February 2004, measured by subtracting the July 1996 balance from the February 2004 balance. The court also stated that Lyn was to pay Johnny half of the $10,000 withdrawn from the parties' savings account. The 2000 Ford F-150 was awarded to Johnny. Aggrieved by the chancellor's division of the marital assets, Lyn appeals. She asserts: (1) that the court erred in ordering her to pay Johnny half of the $10,000 savings, because it was he that withdrew the fund from the parties' savings account; (2) that the court erred in awarding Johnny the Ford F-150, as it was purchased during the marriage and had $6,800 in equity; and (3) that the court erred by failing to take into consideration, as fraudulent transfers, Johnny's transfer to his son, for no consideration, the parties' camper trailer and a 2000 four-wheeler, as well as the $3,500 withdrawn by Johnny from the parties' savings account prior to the parties' separation.

STANDARD OF REVIEW
¶ 3. This Court's standard of review regarding domestic relations matters is a limited one. A & L, Inc. v. Grantham, 747 So.2d 832, 838(¶ 18) (Miss.1999). We will not disturb the findings of a chancellor "unless manifestly wrong, clearly erroneous, or if the chancellor applied the wrong legal standard." Id.

ISSUES AND ANALYSIS

I. Whether the court erred in ordering her to pay Johnny half of the $10,000 savings, because it was he that withdrew the fund from the parties' savings account.
¶ 4. The chancellor found that Lyn withdrew $10,000 from the parties' savings account, and consequently ordered her to pay Johnny half of that sum. Clear and undisputed testimony from Johnny in the record shows that Johnny, not Lyn, withdrew the $10,000. Accordingly, the chancellor was clearly in error with regard to this finding. We thus reverse and remand as to this issue.

II. Whether the court erred in awarding Johnny the Ford F-150, as it was purchased during the marriage and had $6,800 in equity.
¶ 5. "Marital property is defined as any and all property acquired during the marriage." Grantham, 747 So.2d at 838(¶ 18) (citing Hemsley v. Hemsley, 639 So.2d 909, 915 (Miss.1994)). Such marital assets are subject to equitable distribution by the chancellor. Id. "In making an equitable distribution of property, a chancellor is not required to divide the property equally." Humphries v. Humphries, 904 So.2d 192, 198(¶ 24) (Miss.Ct.App.2005) (citing Drumright v. Drumright, 812 So.2d 1021, 1026(¶ 14) (Miss.Ct.App.2001)). The matter is within the chancellor's discretion, *959 as she has all equities and relevant circumstances in mind and is in the best position to decide such matters. See Pittman v. Pittman, 652 So.2d 1105, 1109 (Miss.1995). The polestar consideration in the marital property division process is fairness. Ferguson v. Ferguson, 639 So.2d 921, 929 (Miss.1994).
¶ 6. The chancellor fully outlined the reasoning behind his decision by discussing the application of the Ferguson factors to the facts of the case sub judice. See id. at 928 (enunciating factors to be considered by chancellor in determining equitable distribution of marital property). We see nothing in the record indicating that the chancellor's decision to award the Ford F-150 to Johnny was unfair or inequitable. We therefore cannot say that the chancellor abused her discretion or was clearly erroneous or manifestly wrong in awarding Johnny the vehicle. Accordingly, we affirm as to this issue.

III. Whether the court erred by failing to take into consideration, as fraudulent transfers, Johnny's transfer to his son, for no consideration, the parties' camper trailer and a 2000 four-wheeler, as well as the $3,500 withdrawn by Johnny from the parties' savings account prior to the parties' separation.
"`When examining a conveyance to determine if it is fraudulent, a court searches for certain `badges of fraud,' or suspicious circumstances, which usually accompany a fraudulent conveyance.'" Myers v. Myers, 741 So.2d 274, 281(¶ 29) (Miss.Ct.App.1998) (quoting Southeast Bank of Broward, Fla., N.A. v. I.P. Sarullo Enter., Inc., 555 So.2d 704, 707 (Miss.1989)). "Badges of fraud" in this context include:
[i]nadequacy of consideration, transaction not in usual course or mode of doing business, absolute conveyance as security, secrecy, insolvency of grantor, transfer of all his property, attempt to give evidence of fairness . . ., retention of possession, failure to take a list of the property covered by the conveyance . . ., relationship of the parties, and transfer to person having no apparent use for the property.
Grantham, 747 So.2d at 843(¶ 48) (quoting Reed v. Lavecchia, 187 Miss. 413, 424-25, 193 So. 439, 441 (1940)).
¶ 7. As to the camper/trailer, Johnny stated that he signed it over to his son in December of 2003 "to live in at school to keep from driving back and forward home." Johnny further contends that he signed over the four-wheeler to his son because his son had originally bought it; he contends that it was only originally in his name because his son was too young to put it in his own name at the time. As to the $3,500, Johnny claimed that he withdrew it right before the separation at the behest of his former lawyer. He stated that he used the funds to pay off his credit card because he and Lyn "had run some bills up" on it.
¶ 8. In her discussion of the second Ferguson factor (the degree to which each spouse has expended, withdrawn or otherwise disposed of marital assets), the chancellor explicitly mentioned as property accumulated during the marriage the camper, the 2000 four-wheeler, and the $3,500 withdrawn by Johnny. However, she did not include them in her final division of the marital property. Thus, we find it likely that she was satisfied that these conveyances by Johnny to his son were not fraudulent. Because the chancellor clearly considered (but did not include) this property in making the final distribution of marital property, we cannot *960 say that she "failed to consider" the items as Lyn contends. We therefore find that the chancellor did not abuse her discretion, make a clear or manifest error, or apply an erroneous legal standard in not including these items in the distributed property. Consequently, this assignment of error is without merit.
¶ 9. THE JUDGMENT OF THE CHANCERY COURT OF LOWNDES COUNTY IS REVERSED AND REMANDED IN PART AND AFFIRMED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED IN EQUAL PARTS TO THE APPELLANT AND APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ROBERTS, JJ., CONCUR.
NOTES
[1] Personal property acquired by the parties during the marriage included shop tools (valued at $8,500), guns (valued at $100), credit union savings in the amount of $3,500 withdrawn by Johnny after the parties separated, a camper (valued at $1,000), a four-wheeler (valued at $700), two flatbed trailers built by Johnny, a tractor (valued at $4,500), a computer (valued at $600), and household furnishings (valued at approximately $1,000).